UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

IN RE: MARTIN J. MCCARTHY and
LAURA MCCARTHY

    Debtors.
_____

MARTIN J. MCCARTHY and LAURA
MCCARTHY,

    Appellants,

v.                                                  Case No.: 2:19-cv-664-FtM-38
                                                 Bankr. No.: 9:17-BK-06512FMD

RAVENWOOD HOMES, LLC,

    Appellee.
_____/

## ORDER TO SHOW CAUSE[1]

Before the Court is an appeal from the United States Bankruptcy Court for the Middle District of Florida. Following a one-day trial, Chief Judge Caryl Delano issued an order overruling Appellant's objection to a claim (called the "Order"). (Doc. 4-13). Appellants appeal that ruling. However, Appellants failed to designate a complete record. The Court cannot consider this appeal on the current record. So Appellants are ordered to show cause why this appeal should not be dismissed for failure to provide a sufficient record. Also, because the briefing is deficient, the Court dismisses Appellants' briefs without prejudice.

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

## A. Insufficient Record

First, the record on appeal is insufficient. This Court reviews the Bankruptcy Court's factual findings for clear error and legal conclusions de novo. *In re Int'l Admin. Servs., Inc.*, 408 F.3d 689, 698 (11th Cir. 2005). "A factual finding is not clearly erroneous unless this court, after reviewing all of the evidence, is left with the definite and firm conviction that a mistake has been committed." *Id.* (alteration accepted, internal quotation marks omitted, and citation omitted).

Appellants challenge Chief Judge Delano's factual findings and conclusions in the Order. In doing so, Appellants had to provide an adequate record:

> (5) Unsupported Finding or Conclusion. If the appellant intends to argue on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, the appellant must include in the record a transcript of all relevant testimony and copies of all relevant exhibits.

Fed. R. Bankr. P. 8009(b)(5). Under the Rules, it is Appellants' duty to designate the record and order any necessary transcripts. Fed. R. Bankr. P. 8009(a)(1); 8009(b)(1); *see also In re Bagwell*, 741 F. App'x 755, 758 (11th Cir. 2018). In the Order, Judge Delano made factual findings based on documents and testimony offered at the trial. Yet Appellants did not designate the necessary trial transcript as part of the record. Without the transcript, the Court can only guess whether any error occurred below. *See In re Kunsman*, 752 F. App'x 938, 940-41 (11th Cir. 2018); *In re Echeverry*, 720 F. App'x 598, 599-600 (11th Cir. 2018).

There are other problems with this record. Appellants failed to designate the relevant documents they rely on as part of the record. And the record on appeal does not include the exhibits and papers Chief Judge Delano relied on in the Order. Rather

2

than designate any relevant documents as part of the record—like the Rules require—Appellants attached some exhibits to their brief (Doc. 6). Yet the Court is unsure whether those documents were all presented to the Bankruptcy Court. Some are stamped with the Bankruptcy Court's case number, others are not. And one exhibit is an email dated *after* Chief Judge Delano issued the Order. (Doc. 6 at 53). Appellate courts cannot "consider exhibits attached to appellate briefs that were not presented" below. *Webster v. Sec'y for Dep't of Corr.*, 384 F. App'x 979, 982 (11th Cir. 2010). "Similarly, the exhibits that [an appellant] submits with his appellate brief which are not part of the record on appeal will not be considered." *Turner v. Broward Sheriff's Office*, 542 F. App'x 764, 764 n.1 (11th Cir. 2013). Without a complete record, the Court is stuck sifting through exhibits to an appellate brief that are not part of the record, unsure whether the Bankruptcy Court ever considered them.

Given this, the Court concludes the record is deficient. Appellee is correct that this is a basis to affirm or dismiss an appeal outright. *See Kunsman*, 752 F. App'x at 940-41; *Echeverry*, 720 F. App'x at 599-600; *In re Perez*, No. No. 18-24810-Civ-Scola, 2019 U.S. Dist. LEXIS 75530, at *4-5 (S.D. Fla. May 6, 2019), *aff'd*, 2020 WL 374674 (11th Cir. Jan. 23, 2020). But considering Appellants' pro se status, the Court will not dismiss the appeal without allowing Appellants the chance to respond. So Appellants must show cause why the appeal should not be dismissed. Alternatively, Appellants can file a motion to supplement the record. Federal Rule of Bankruptcy Procedure 8009(e) governs correcting or supplementing the record. Either way, Appellants must respond or file a motion within fourteen days.

3

**B. Deficient Briefing**

Second, Appellants' briefing does not comply with the Rules. While pro se briefs are liberally construed, they "must nonetheless conform to procedural rules," like Rule 8014(a). See *Echeverry*, 720 F. App'x at 599-600; *Thompson v. Gunn*, No. 5:16-cv-555-Oc-30, 2017 WL 637553, at *2 (M.D. Fla. Feb. 16, 2017).

Rule 8014(a) controls the form and substance of an appellant's brief. In full, that Rule follows:

> **(a) Appellant's Brief.** The appellant's brief must contain the following under appropriate headings and in the order indicated:
>
> (1) a corporate disclosure statement, if required by Rule 8012;
>
> (2) a table of contents, with page references;
>
> (3) a table of authorities—cases (alphabetically arranged), statutes, and other authorities—with references to the pages of the brief where they are cited;
>
> (4) a jurisdictional statement, including:
>
> > (A) the basis for the bankruptcy court's subject-matter jurisdiction, with citations to applicable statutory provisions and stating relevant facts establishing jurisdiction;
> >
> > (B) the basis for the district court's or BAP's jurisdiction, with citations to applicable statutory provisions and stating relevant facts establishing jurisdiction;
> >
> > (C) the filing dates establishing the timeliness of the appeal; and
> >
> > (D) an assertion that the appeal is from a final judgment, order, or decree, or information establishing the district court's or BAP's jurisdiction on another basis;

4

(5) a statement of the issues presented and, for each one, a concise statement of the applicable standard of appellate review;

(6) a concise statement of the case setting out the facts relevant to the issues submitted for review, describing the relevant procedural history, and identifying the rulings presented for review, with appropriate references to the record;

(7) a summary of the argument, which must contain a succinct, clear, and accurate statement of the arguments made in the body of the brief, and which must not merely repeat the argument headings;

(8) the argument, which must contain the appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies;

(9) a short conclusion stating the precise relief sought; and

(10) the certificate of compliance, if required by Rule 8015(a)(7) or (b).

Fed. R. Bankr. P. 8014(a). Except for a table of contents, Appellants' brief contains none of these sections. Moreover, the briefing is so disorganized that Appellants' arguments are difficult to fully understand. Without any distinction, the briefing mixes portions of the record, apparent legal citations, facts, and argument. And there are random, unexplained citations that do not appear to correspond to anything in the record. Aside from the formatting issues, the brief fails to include required information like a jurisdictional statement and summaries of the issues, case, or argument. Likewise, Appellants' reply brief exceeds the page limit by ten pages. Fed. R. Bankr. P. 8015(a)(7)(A).

In short, the briefing does not comply with the Rules. "Failure to comply with Rule 8014(a) is grounds for dismissing a bankruptcy appeal." *E.g.*, *Ehrlich for Hoffmans Trade Grp. LLC v. Commercial Factors of Atlanta*, 567 B.R. 684, 691 (N.D.N.Y. 2017). Because

Appellants are pro se, however, the Court will allow them to refile briefs that comply with the Rules. See *Thompson*, 2017 WL 637553, at *2-3. So the Court dismisses Appellants' brief and reply brief without prejudice. *Id.* If Appellants intend to pursue their appeal, they can file proper briefs at a later date after the record issue is resolved.[2]

Accordingly, it is now

**ORDERED:**

1. Appellants are **ORDERED** to **SHOW CAUSE** why this appeal should not be dismissed **on or before February 14, 2020**. **ALTERNATIVELY**, Appellants may **FILE** a motion to supplement the record **on or before February 14, 2020**.
2. Appellants' brief (Doc. 6) and reply brief (Doc. 9) are **DISMISSED without prejudice**.
3. The Clerk is **DIRECTED** to add a **STAY** flag to the docket until further order by the Court.

**DONE** and **ORDERED** in Fort Myers, Florida this 31st day of January 2020.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record

---

[2] For case management purposes, the Court will stay this appeal until these matters are settled.