UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

IN RE: MARTIN J. MCCARTHY and
LAURA MCCARTHY,

      Debtors.
_____

MARTIN J. MCCARTHY and LAURA
MCCARTHY,

      Appellants,

v.                                                                            Case No.   2:19-cv-664-JLB
                                                                         Bankr. No. 9:17-bk-6512-FMD

RAVENWOOD HOMES, LLC,

      Appellee.
_____/

## ORDER

On January 31, 2020, this Court "dismissed" the briefing of pro se Appellants Martin J. McCarthy and Laura McCarthy (collectively, the "McCarthys") without prejudice because it cited documents that were not transmitted with the record on appeal. (Doc. 10.) The Court further noted that the record on appeal was inadequate to resolve this case. As a solution, the Court "submitted" the case to the Bankruptcy Court to resolve the McCarthys' ongoing disputes with Appellee Ravenwood Homes, LLC ("Ravenwood") over what documents constituted the record on appeal. (Doc. 15.) The Bankruptcy Court eventually resolved the parties' dispute by directing the Clerk to supplement the record with certain documents but

not with others.  (Doc. 22-1.)  The supplemental records have since been transmitted to this Court.  (Docs. 23, 26, 27.)

On September 8, 2020, the McCarthys filed an amended initial brief.  (Doc. 28.)  Instead of filing a response brief, Ravenwood moved to strike the brief and dismiss the appeal with prejudice, arguing that the McCarthys' brief still relies on improper sources.  (Doc. 29.)  Ravenwood's motion identifies the following improper sources: (1) publicly available documents from the McCarthys' state-court foreclosure action, (2) documents which the Bankruptcy Court did not designate or only partially designated for transmission, and (3) the McCarthys' prior briefing, which the Court "dismissed."  (Doc. 29 at 9–11.)  Ravenwood also takes issue with the McCarthys citing statements from individuals who did not testify during the related state court proceedings or before the Bankruptcy Court.  (Id. at 11–14.)

Federal Rule of Bankruptcy Procedure 8020(b) allows district courts sitting in an appellate capacity to sanction parties for any misconduct, "including failure to comply with any court order."  Even so, "[t]he dismissal of a bankruptcy appeal is [a] . . . drastic measure."  United States v. Manning, 220 B.R. 328, 330 (E.D. Tex. 1998).  "[I]t is to be used only in extreme circumstances, where there is a clear record of delay or contumacious conduct, and where lesser sanctions would not serve the best interests of justice."  Wieckiewicz v. Educ. Credit Mgmt. Corp., 443 F. App'x 449, 451 (11th Cir. 2011) (quoting Boazman v. Econ. Lab'y, Inc., 537 F.2d 210, 212 (5th Cir.1976)).  After carefully examining Ravenwood's motion and the McCarthys' pro se brief, the Court does not believe dismissal is an appropriate

sanction in this case. The Court's initial concern about an inadequate record on appeal has been addressed by the Bankruptcy Court's supplementation. While the McCarthys' pro se brief may not be a model of clarity, it is clear enough for Ravenwood to file a thoughtful response on the merits instead of attempting to dispose of this appeal on technical grounds. If Ravenwood believes the McCarthys are relying on material that is irrelevant or otherwise improper for consideration by this Court, then Ravenwood should address these concerns in a brief on the merits.

Accordingly, it is **ORDERED:**

1. Ravenwood's motion to strike the initial brief and dismiss the appeal with prejudice (Doc. 29) is **DENIED**.

2. **No later than July 5, 2021**, Ravenwood shall file a response brief. The McCarthys may file a reply brief **no later than 14 days after they are served with Ravenwood's response.**

3. The "reply brief" that the McCarthys erroneously filed on October 16, 2020, in response to Ravenwood's motion to strike is **STRICKEN**. The McCarthys may file a new reply brief as directed above.

**ORDERED** in Fort Myers, Florida, on June 9, 2021.

_____
JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE